UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK LEE FOREMAN,

        Petitioner,

vs.                            Case No. 2:06-cv-433-FtM-29DNF
                                   Case No. 2:02-cr-017-FtM-29DNF

UNITED STATES OF AMERICA,

        Respondent.
_____

**OPINION AND ORDER**

     This matter comes before the Court on a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) filed on August 25, 2006, by counsel. Petitioner filed his memorandum brief (Doc. #2) and appendix (Doc. #3) in support of his § 2255 on the same date. The government filed its Response in Opposition (Doc. #8) on October 19, 2006, and petitioner filed his Reply to that Opposition (Doc. #9) in October 25, 2006.

**I.**

On March 27, 2002, Petitioner was indicted by a federal Grand Jury in and for the Middle District of Florida on a single count of conspiracy to possess with intent to distribute (a) five or more kilograms of cocaine, (b) 1,000 or more kilograms of marijuana, and (c) an unspecified quantity MDMA in Charlotte County, Florida, and elsewhere, from in or about 1991 to on or about March 27, 2002.

(Case No. 2:02-cr-017-FtM-29DNF, Cr. Doc. #3[1].)  On March 19, 2003, a jury found petitioner guilty of the charged offense (Cr. Doc. #198) and found petitioner should forfeit $2,730,000.00 derived from the proceeds obtained directly or indirectly as a result of the offense.  (Cr. Doc. #199.)  On September 2, 2003, petitioner was sentenced to 235 month's imprisonment followed by 60 months of supervised release, a forfeiture in the amount of $2,730,000.00, and a $100 special assessment (Cr. Docs. #211, 249).  Judgment was entered on September 8, 2003 (Cr. Doc. #213).

Petitioner filed a timely Notice of Appeal (Cr. Doc. #214), and the appeal was pursued by newly retained counsel.  The Eleventh Circuit Court of Appeals affirmed *per curiam* the petitioner's conviction and sentence (Cr. Doc. #274) on September 9, 2005.  United States v. Foreman, 140 Fed. Appx. 924 (11th Cir. 2005).  The United States Supreme Court denied defendant's petition for a *writ of certiorari*.  Foreman v. United States, 546 U.S. 1206 (2006).

Petitioner's timely § 2255 motion raises the following claims: (1) Ineffective assistance of his trial counsel for asserting an unsupportable buyer/seller theory of the defense instead of a very viable multiple conspiracy defense; (2) ineffective assistance of trial counsel for not raising Blakely v. Washington, 542 U.S. 296 (2004)/Apprendi v. New Jersey, 530 U.S. 466 (2000) issues at

---

[1]Docket numbers referring to the criminal case are cited as (Cr. Doc. #) Docket numbers referring to the civil case are cited as (Doc. #).

sentencing; and (3) ineffective assistance of appellate counsel for not raising claims related to Blakely/Apprendi on direct appeal.

**II.**

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. Massaro v. United States, 538 U.S. 500 (2003). The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). See also Florida v. Nixon, 125 S. Ct. 551 (2004); Wiggins v. Smith, 539 U.S. 510 (2003); Williams v. Taylor, 529 U.S. 362 (2000). A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for

failing to raise a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989), cert. denied, Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). In light of the general principles and presumptions applicable to ineffective assistance of counsel claims, the cases in which habeas petitioners can prevail are few and far between. Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001).

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997), cert. denied 520 U.S. 1246. Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

## III.

### A. Buyer-Seller Relationship/Multiple Conspiracies:

Petitioner asserts that his trial attorney provided constitutionally ineffective assistance of counsel by asserting a buyer/seller defense, which had no support under law or fact,

instead of arguing a multiple conspiracy defense. Petitioner argues that a buyer/seller defense had no chance of success, and indeed the trial judge refused to give such a jury instruction. Petitioner further argues that the far better defense of multiple conspiracies was evident from the indictment, revelations in various hearings, the discovery process, defense counsel's statements, and the government's trial brief, but was "forsaken" in favor of the buyer-seller defense. (Doc. #2, p. 6.)

Neither the existence of a buyer-seller relationship nor the existence of multiple conspiracies is a "defense" *per se* to a conspiracy charge. Rather, the buyer-seller relationship relates to the sufficiency of the government's evidence of conspiracy, while multiple conspiracies relate to a potential variance with the conspiracy charged in an indictment. In this case, defense counsel raised both issues at the trial court level and on direct appeal.

It is well settled in the Eleventh Circuit "that the existence of a simple buyer-seller relationship alone does not furnish the requisite evidence of a conspiratorial agreement." United States v. Bascaro, 742 F.2d 1335, 1359 (11th Cir. 1984). In United States v. Mercer, 165 F.3d 1331, 1334-36 (11th Cir. 1999), the Eleventh Circuit reviewed the spectrum of facts described in its prior decisions and rejected the government's theory that anyone who sells drugs can be charged with conspiracy in addition to the substantive offense. Mercer found that multiple purchases of drugs from an unnamed source who defendant referred to as "my partner"

was insufficient to support a conspiracy charge, and reversed the jury's finding of guilt.

The multiple conspiracy law relates to a potential variance between the crime charged in an indictment and the proof presented at trial. "A material variance between an indictment and the government's proof at trial occurs if the government proves multiple conspiracies under an indictment alleging only a single conspiracy." United States v. Alred, 144 F.3d 1405, 1414 (11th Cir. 1998). Whether a single conspiracy exists is a question of fact for the jury. Id. See also United States v. Edouard, 485 F.3d 1324, 134749 (11th Cir. 2007); United States v. Suarez, 313 F.3d 1287, 1289 (11th Cir. 2002), cert. denied, 540 U.S. 828 (2003). Proof of multiple conspiracies alone is not sufficient, since the variance must also substantially prejudice the defendant. Edouard, 485 F.3d at 1347.

The record in this case establishes that defense counsel pursued both the buyer-seller relationship, thus challenging the sufficiency of the government's evidence, and the multiple conspiracy issue, thus arguing that the government's evidence even if sufficient was at variance with the Indictment. These two issues melded nicely, as defense counsel later demonstrated on page 22 of his Initial Brief on direct appeal: "We assert that the evidence in Foreman's case demonstrated only a buyer-seller relationship within a multiple conspiracy framework, without any interdependence."

The reason petitioner can now point out the multiple places in the record where a multiple conspiracy issue was evident is that his attorney asserted this issue from early on in the pretrial proceedings. Almost six months before trial defense counsel requested the Eleventh Circuit pattern jury instruction on multiple conspiracies (Cr. Doc. #50, proposed Instruction No. 12), and supplemented it closer to trial (Cr. Doc. #159, proposed Instruction No. 16). It was clear that the charged offense was going to allow a broad range of testimony, and a multiple conspiracy theory was certainly reasonable, as petitioner concedes in this § 2255 motion. Thus, petitioner's criticism that his trial attorney "failed to object to (1) repeated introduction of evidence suggestive of a multiple conspiracies . . ." (Doc. #2, p. 6) misses the mark. Far from wanting to object to evidence suggestive of multiple conspiracies, such evidence fell squarely within the defense theory that there was a material variance between the single conspiracy charged and the multiple conspiracies proven. Similarly, evidence which was arguably Rule 404(b) evidence or that showed additional drug transactions between petitioner and others is supportive of the multiple conspiracy theory which defense counsel put forth from early in the case.

Defense counsel also pursued the buyer-seller relationship issue, asking for a special jury instruction stating that such evidence often does not furnish the requisite evidence of a conspiratorial agreement. (Cr. Doc. #159, proposed Instruction No.

18.)  The trial court declined to give the instruction.  After the government's initial closing argument, defense counsel again requested a special instruction regarding the buyer-seller relationship (Cr. Doc. #243, pp. 143-144).  The trial court again declined to give the instruction (Id.), and this was upheld on appeal (Issue V in petitioner's Initial Brief).  See also United States v. Sewell, 218 Fed. Appx. 900, 901 (11th Cir. 2007)(Standard Eleventh Circuit jury instruction on the elements of conspiracy sufficiently addresses the substance of the buyer-seller issue).

In his closing argument, defense counsel highlighted several of the trial court's anticipated jury instructions, including the instruction on multiple conspiracies.  (Cr. Doc. #243, pp. 154-55.) This instruction stated in part "that proof of several conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies which is proved is the single conspiracy which the indictment charges. . . . [T]o find the Defendant guilty you must unanimously find that the Defendant was a member of the conspiracy charged in the indictment and not a member of some other separate conspiracy."  (Cr. Doc. #201, p. 16; Cr. Doc. #244, pp. 14-15.)  Defense counsel then spent the bulk of his closing argument discussing the testimony of specific government witnesses and their many credibility problems. At least twice he referred to the testimony of specific witnesses that they had only a buyer-seller relationship with petitioner, which counsel argued was insufficient evidence of conspiracy.  (Cr.

Docs. #243, pp. 157-58, 171.) Defense counsel concluded his closing argument by returning to the multiple conspiracy issue (Cr. Doc. #243, p. 197), arguing that the evidence "can't possibly be a single conspiracy with everybody in it, for eleven years. It's impossible." (Cr. Doc. #243, p. 198.)

The jury found petitioner guilty of the conspiracy charged in the Indictment, including the enhanced drug quantities set forth in the Indictment. A jury is presumed to follow such a multiple conspiracy instruction. United States v. Suba, 132 F.3d 662, 673 n.20 (11th Cir. 1998). Thus, the jury found beyond a reasonable doubt that petitioner was guilty of the single conspiracy charged in the Indictment.

The Court concludes that trial counsel did not provide ineffective assistance. Quite the contrary, he raised two compatible issues, including the one issue petitioner now asserts he forsook. While the government's evidence established more than a buyer-seller relationship and established a single conspiracy, defense counsel was effective in pursuing both issues. Thus, the Court finds no deficient performance. Because the evidence supports the jury's finding of a single conspiracy, the Court also finds petitioner suffered no prejudice from his attorney's performance.

### B. **Apprendi/Blakely**:

Petitioner asserts that both his trial attorney and his appellate attorney provided ineffective assistance by failing to

raise a Blakely/Apprendi issue at sentencing or in the Initial Brief on direct appeal.  The following is the relevant chronology: Blakely filed a petition for a *writ of certiorari* on May 3, 2003; petitioner was sentenced on September 2, 2003; the Supreme Court granted *certiorari* in Blakely on October 20, 2003; petitioner filed his Initial Brief on June 16, 2004, without raising a Blakely issue; and the Supreme Court decided Blakely on June 24, 2004.

As background, in Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court, addressing the Washington state statutory scheme, clarified that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. [ ]  In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings."  Blakely, 542 U.S. at 303 (emphasis in original)(citations omitted).  See also Cunningham v. California, 127 S. Ct. 856, 864-65 (2007).  This statutory maximum is the sentence prescribed under the United States Code.  United States v. Dean, 487 F.3d 840, 854 (11th Cir.

2007); United States v. Amedeo, 487 F.3d 823, 831 (11th Cir. 2007). Blakely noted, however, that "[t]he Federal Guidelines are not before us, and we express no opinion on them." Blakely, 542 U.S. at 305 n.9.

Thus, petitioner's argument that the only reason *certiorari* could be granted was to overrule the unanimous circuit holdings that Apprendi did not affect the federal Sentencing Guidelines is simply incorrect. Blakely said nothing about the federal Sentencing Guidelines. Indeed, on September 2, 2004, shortly after sentencing and before the Initial Brief in this case, the Eleventh Circuit held "that Blakely does not compel a departure from previous Supreme Court precedent and the precedent of our own circuit culminating in United States v. Sanchez, 269 F.3d 1250 (11th Cir. 2001)." United States v. Reese, 382 F.3d 1308 (11th Cir. 2004). Reese was not vacated until January 24, 2005, Reese v. United States, 543 U.S. 1114 (2005), in light of the January 12, 2005 decision in United States v. Booker, 543 U.S. 220 (2005).

Thus, at the time of sentencing *certiorari* had not been granted in Blakely. The Eleventh Circuit law was clear, and was contrary to the arguments to be made in Blakely, and as it turned out Blakely itself did not impact the federal Sentencing Guidelines. Additionally, there was no Apprendi issue which should have been raised at sentencing. The government complied with its obligations under Apprendi by setting forth the drug quantities in

-11-

the Indictment which triggered the statutory enhancements (Cr. Doc. #3), submitting the issue of quantity to the jury, which was instructed that the government must prove the amounts beyond a reasonable doubt (Cr. Doc. #201, pp.3, 14), and having the jury determine whether the enhanced amounts had been satisfied in a special verdict (Cr. Doc. #198).  Thus, the maximum statutory sentencing in this case was life.  21 U.S.C. §841(b)(1)(A)(ii)(II). Since the actual sentence was 235 months, the sentence was within the statutory maximum allowed by Apprendi and there was no Apprendi error.  United States v. Sanchez, 269 F.3d 1250, 1270 (11th Cir. 2001)(en banc), cert. denied 535 U.S. 942 (2002); United States v. Davis, 329 F.3d 1250, 1254 (11th Cir. 2003), cert. denied 540 U.S. 925 (2003); United States v. Underwood, 446 F.3d 1340, 1345 (11th Cir. 2006), cert. denied 127 S. Ct. 225 (2006).  The Court finds no ineffective assistance of counsel at sentencing.

While *certiorari* had been granted in Blakely at the time of the Initial Brief, nothing in Blakely itself impacted the federal Sentencing Guidelines.  This much the Supreme Court made clear when it decided Blakely, as quoted above.  The Court finds no ineffective assistance of appellate counsel in failing to include a Blakely issue in the Initial Brief.

Accordingly, it is now

**ORDERED:**

1.  The Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) is **DENIED**.

2.  The Clerk of the Court shall enter judgment accordingly and close the file.  The Clerk is further directed to file a certified copy of the Judgment in the companion criminal case, Case No. 2:02-cr-17.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of September, 2007.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
AUSA
Petitioner